Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 8597 | **DATE** | 7/18/2003 |
| **CASE TITLE** | Thomas LaDuca et al vs. Benjamin Swirsky et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: The defendant's motion to dismiss [31-2] is granted in part and denied in part. The motion for costs [31-1] and for a stay is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 2 4 2003 date docketed | |
| | Notified counsel by telephone. | | | 38 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| ✓ | Copy to judge/magistrate judge. Mason | | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| THOMAS LaDUCA, as Representative of the Shareholders of EASY ACCESS INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BENJAMIN SWIRSKY, BESWIR PROPERTIES, INC., THE JOEL SWIRSKY FOUNDATION, ANTHONY GOLDSTEIN, JOHN POZIOS and EASY ACCESS INTERNATIONAL, INC., <br><br> Defendants. | Case No. 02 C 8597 <br><br> Wayne R. Andersen <br> District Judge |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of the defendants to dismiss plaintiff Thomas LaDuca's Amended and Restated Verified Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). For the following reasons, the motion to dismiss is granted in part and denied in part.

### BACKGROUND

The history behind this long and tortured lawsuit is well-known to the Court. While this particular case has only recently been added to this Court's docket, a nearly identical lawsuit with identical legal issues and nearly complete symmetry in parties (*DeLeo v. Swirsky*, 00 C 6917) has been a part of the Court's consciousness since 2000. The instant lawsuit was originally filed in the United States District Court for the Southern District of Florida but was transferred to this

1

Court on November 8, 2002. The case was originally assigned to Judge Aspen but he determined that the case should be transferred to our docket because of the strong similarities between this case and the *DeLeo* case.

For those who may not be as familiar with the history of this case as we are, we provide the following brief statement of facts taken from one of our earlier opinions in the *DeLeo* case.

> This action derives from an allegedly fraudulent transaction of securities between EAI and Defendants Benjamin Swirsky ("Swirsky") and Beswir Properties, Inc. ("Beswir"). Plaintiff alleges that Swirsky controlled the Beswir entity through serving as its director while, at the same time, serving as Chairman of the Board of EAI. The transaction at the center of this controversy is a February 1, 1999 pledge ("Pledge") of the entire stock of Zconnexx ("ZCanada"), a wholly-owned subsidiary of EAI. DeLeo alleges that EAI pledged all of its issued and outstanding shares of Common Stock of ZCanada to Beswir without consideration. DeLeo further alleges that the transfer was, in effect, a sham perpetrated by the entire Board of Directors of EAI, under Swirsky's control, upon EAI's shareholders. As a result, EAI lost all of its ownership interest in ZCanada.
> In addition to the allegedly fraudulent transfer, DeLeo maintains that Swirsky intentionally concealed all dealings between Beswir and EAI from EAI's independent shareholders. The ZCanada shares were distributed among members of ZCanada's Board of Directors, as well as other parties associated with Swirsky, including the Joel Swirsky Foundation ("Foundation"), an entity controlled by Swirsky, at a factor of 1,000 less than the value of the shares at incorporation. All of the activity, beginning with the pledge of ZCanada's shares, through their distribution, was allegedly done without notification of or approval by EAI's shareholders. EAI was involuntarily dissolved on September 22, 2000.

*DeLeo v. Swirsky*, 2001 WL 687458, at *1 (N.D. Ill. June 19, 2001).

It is important to note a few other important procedural issues with respect to these two cases. When the *DeLeo* case was originally filed, it was a putative derivative shareholder action filed on behalf of EAI shareholders. However, in 2002, an issue was raised with respect to the impartiality of plaintiff's counsel in the *DeLeo* case. Consequently, a motion to disqualify plaintiff's counsel was filed. After a thorough analysis of the issues raised in that motion by

Magistrate Judge Ashman, we granted the defendants' motion to disqualify plaintiff's counsel. To eliminate any subsequent taint of the disqualification on the derivative action, counsel for DeLeo moved to voluntarily dismiss the derivative counts of the complaint and solely pursue the plaintiff's individual causes of action against the defendants. The instant case represents a renewed effort to prosecute the derivative causes of action.

## DISCUSSION

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

In their motion to dismiss, the defendants raise a variety of legal arguments attacking the plaintiff's complaint. Specifically, they have asserted, *inter alia*, that they are entitled to costs pursuant to Rule 41(d) because this complaint is an attempt at forum-shopping, that the complaint should be dismissed because there is a continuing issue of counsel impartiality, that this Court does not have personal jurisdiction over defendants Beswir, The Swirsky Foundation, Pozios, and Goldstein, and that claims for breach of fiduciary duty, fraudulent concealment, and violations of Rule 10b-5 and Florida Statues Chapter 517 have not been properly alleged. The plaintiff has responded to this motion by noting that virtually all of the issues raised in the

3

defendants' motion have been previously decided by this Court in the companion *DeLeo* case. Thus, according to the plaintiff, the motion to dismiss should be denied under the principles of *res judicata*.

We agree with the defendants that the doctrine of *res judicata* does not apply in this case. The doctrine of *res judicata* prohibits parties from re-litigating claims previously adjudicated. For *res judicata* to apply in federal court, three requirements must be met: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits. *Golden v. Barenborg*, 53 F.3d 866, 869 (7th Cir. 1995); *In re Energy Co-op., Inc.*, 814 F.2d 1226, 1230 (7th Cir.), *cert. denied sub nom., Energy Co-op., Inc. v. Phillips Petroleum Co.*, 484 U.S. 928 (1987) (citations omitted). It is undisputed that a final judgment on the merits has not been reached in the *DeLeo* case. Therefore, *res judicata* does not apply. However, that does not mean that our prior rulings on the *DeLeo* motions to dismiss have no relevance in this case. In fact, instead of *res judicata*, we feel the more appropriate analogy is to the "law of the case" doctrine. Under the law of the case doctrine, any issue that is expressly or impliedly decided is binding in subsequent proceedings before the deciding court or a lower court. *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 936 F. Supp. 522, 524 (N.D. Ill. 1996). While we acknowledge that technically the motions to dismiss were filed in two separate cases, the indisputable similarities between the two lawsuits makes this case amenable to our earlier rulings in the *DeLeo* case. Therefore, we will apply as binding to this case our prior substantive rulings on the motions to dismiss in the *DeLeo* case.

Our decision to apply by analogy our prior rulings in the *DeLeo* case makes short work of many of the arguments raised here in the instant motion to dismiss. The impact on the individual

arguments in the motion is as follows:

### A. Motion for Costs

This motion is denied. On January 24, 2003, we entered an minute order with respect to a motion filed by the defendants in the *DeLeo* case that was styled as a motion to set aside or modify the voluntary dismissal of the derivative plaintiffs and their claims. As part of that motion, the *DeLeo* defendants requested that this Court award them fees and costs in connection with defending the derivative lawsuit in this Court because plaintiff's counsel was aware that a separate derivative action was pending in Florida (which, in an odd twist of fate, is the case we are now deciding). In our January 24 order, we denied the motion to modify the voluntary dismissal and we explicitly denied the defendants' request for fees and costs. In so doing, we determined that, given the Florida lawsuit was filed in 2001, it was unlikely the defendants in these cases were unaware of the existence of the other derivative suit then pending in Florida. Nothing has been presented by the *LaDuca* defendants here to change this belief. Accordingly, for the reasons stated here and in our January 24 minute order in the *DeLeo* case, the motion for costs and to stay pursuant to Federal Rule of Civil Procedure 41(d) is denied.

### B. Rule 23.1 Motion to Dismiss

This motion is more problematic. As the background section above indicates, there has been a recurring problem in the *DeLeo* case concerning the impartiality of plaintiff's counsel. This resulted in us granting a motion in the *DeLeo* case to disqualify plaintiff's counsel from representing the putative class of EAI shareholders. The granting of this motion then compelled counsel in the *DeLeo* case to voluntarily dismiss the derivative claims and instead pursue only DeLeo's individual claims against the defendants. The *LaDuca* derivative suit then came into

5

our lives.

In their motion to dismiss, the defendants argue there is reason to believe that plaintiff's counsel in this case is not independent of plaintiff's counsel in the *DeLeo* case. Specifically, the defendants assert that *DeLeo* counsel assisted in the drafting of the *LaDuca* complaint, that *DeLeo* counsel may be the "puppet master" behind the *LaDuca* action, and that *DeLeo* counsel may have some sort of financial arrangement with *LaDuca* counsel regarding fees and a slice of any potential monetary judgment. If any of these allegations are true, then the defendants may well be correct that the adequacy of representation requirement of Rule 23.1 has not been satisfied. Accordingly, we will treat the Rule 23.1 issue in the same way we dealt with it in the *DeLeo* case. We will refer this portion of the motion to dismiss to the magistrate judge on this case for a report and recommendation on whether plaintiff's counsel here is independent from plaintiff's counsel in the *DeLeo* case and whether the adequacy of representation requirement of Rule 23.1 has been met.

### C. Personal Jurisdiction over Beswir, The Foundation, Pozios and Goldstein

In this portion of their motion to dismiss, defendants Beswir, the Swirsky Foundation, Pozios and Goldstein argue that this Court does not have personal jurisdiction over them. Again, we have already addressed these issues in our prior orders in the *DeLeo* case and we will apply our earlier rulings as law of the case here.

First, with respect to Beswir and the Swirsky Foundation, we determined in our June 19, 2001 opinion that we did not have personal jurisdiction over them because these defendants "have shown an insufficient connection to Illinois . . . ." *DeLeo*, 2001 WL 687458, at * 5. LaDuca has offered nothing in its response to the motion to dismiss to convince us that this

conclusion was incorrect. Therefore, for the reasons stated in our June 19, 2001 opinion, Beswir and the Swirsky Foundation are dismissed from this lawsuit for lack of personal jurisdiction.

Next, we have already addressed the extent of our personal jurisdiction over Pozios and Goldstein. In the *DeLeo* case, Pozios and Goldstein also argued there was no personal jurisdiction over them despite the presence of a valid Rule 10b-5 claim against them. As we noted in our May 23, 2003 minute order denying the defendants' motion to reconsider in *DeLeo*, while the plaintiff "has just barely satisfied the heightened pleading standards required to plead a Rule 10b-5 cause of action against both Goldstein and Pozios," it is enough to trigger the nationwide jurisdictional grant of Section 27 of the Exchange Act of 1934. *See* 15 U.S.C. § 78aa. The same reasoning applies in this case. Though the Rule 10b-5 allegation against Goldstein and Pozios is close in the instant case, it is sufficient at this stage of the proceedings to justify application of Section 27. Accordingly, we find that we have personal jurisdiction in this case over Goldstein and Pozios. It should be made clear, however, that the reservations concerning personal jurisdiction expressed in our May 23, 2003 minute order apply with equal force to this case.

### D. Substantive Motions to Dismiss

The defendants in this case have also attacked the substance of most of the claims in LaDuca's complaint. Before we begin to analyze these arguments, it is first important to note that, because we have concluded the Court does not have personal jurisdiction over Beswir and the Swirsky Foundation, all claims against those particular defendants are hereby dismissed.

#### 1. Breach of Fiduciary Duty and Fraudulent Concealment

The parties agree that these particular claims are governed by Florida law because EAI is

a Florida corporation. Pozios and Goldstein have argued that these counts should be dismissed because LaDuca has not alleged that they owe fiduciary or disclosure duties to EAI or its shareholders. We disagree.

As we discussed in our June 19, 2001 opinion in the *DeLeo* case, there is a line of cases in Florida which state that the director or officer of a subsidiary owes a common law fiduciary duty to the parent corporation. *DeLeo*, 2001 WL 687458, at *8 (citing *Garner v. Pearson*, 374 F. Supp. 580 (M.D. Fla. 1973) and *Westec v. Carpenter*, 434 F.2d 195 (5th Cir. 1970)). In that opinion, we concluded that, because Swirsky was an officer on the board of ZCanada, he owed fiduciary and disclosure duties to EAI and its shareholders. *Id.* In this case, we are presented with an identical situation. Pozios and Goldstein were also members of the ZCanada board of directors. Accordingly, they too had common law fiduciary and disclosure duties to EAI and its shareholders. Furthermore, the complaint adequately states a cause of action for fraudulent concealment. Specifically, the complaint alleges that Pozios and Goldstein "concealed material facts from EAI's independent shareholders in not disclosing (i) the existence of the Pledge, (ii) the terms of the Pledge, (iii) the material facts concerning the Pledge, (iv) that the Pledge was part and parcel of their illegal and fraudulent scheme to divert ZCanada for themselves to the detriment of EAI's independent shareholders and (v) their intent to use the Pledge to misappropriate EAI's assets." (Complt. at ¶ 64.) Therefore, Pozios and Goldstein's motion to dismiss the breach of fiduciary duty and fraudulent concealment counts is denied.

  2.  <u>Violation of Florida Business Corporation Act</u>

In this portion of the complaint, LaDuca has alleged that Swirsky, Pozios and Goldstein are liable to the EAI shareholders because they violated their statutory fiduciary duties.

8

However, as even LaDuca has conceded in his complaint, the applicable provisions of the Florida Business Corporation Act explicitly apply only to directors of Florida corporations. *See* Fla. Stat. Ann. §§ 607.0830, 607.0831; Complt at ¶¶ 59, 60. EAI was a Florida corporation and that is why we determined in our June 19, 2001 opinion that a cause of action against Swirsky pursuant to these statutes was appropriate. *See DeLeo*, 2001 WL 687458, at *8. However, Pozios and Goldstein were never directors of EAI. Instead, they served as directors of ZCanada, a Canadian corporation. Given the express language of the statute governing the actions of directors of Florida corporations, it is impossible to apply that statute to directors of a Canadian corporation. Thus, the statutory allegations in Count II are dismissed as to Pozios and Goldstein.

### 3. Section 10(b) and Rule 10b-5 Violations

In Count IV of the complaint, LaDuca alleges that Swirsky (and presumably Pozios and Goldstein) "engaged in manipulative and deceptive practices, contrivances and practices in connection with the purchase or sale of securities in violation of Rule 10b-5 and Section 10(b) of the Securities Act of 1934." (Complt. at ¶ 72.) The defendants have moved to dismiss this count for failure to state a claim.

As we have stated numerous times in this opinion, it is our intention to apply our prior rulings in the *DeLeo* case to the parallel arguments raised in the motion to dismiss in this case. In the *DeLeo* case, Swirsky raised virtually the same arguments attacking the 10b-5 claim as he has done here. Therefore, for the reasons stated in our June 19, 2001 opinion, the motion to dismiss Count IV as to defendant Swirsky is denied. *See DeLeo*, 2001 WL 687458, at *6-7. With respect to Pozios and Goldstein, they too filed a motion to dismiss the 10b-5 claim in the *DeLeo* case. In a minute order dated May 23, 2003, we denied that motion. Accordingly, we

incorporate by reference the reasoning of that minute order and deny the motion to dismiss Count IV in this case.

4. Violation of Florida Statutes Chapter 517

In Count V of the complaint, LaDuca asserts that the defendants violated Section 301 of Chapter 517 of the Florida Statutes. Specifically, Section 301 prohibits the employment of "a device, scheme or artifice to defraud" in connection with the offer, sale or purchase of a security. Fla. Stat. Ann. § 517.301(a)(1). The defendants have argued that Section 301 cannot apply in this case because the statute does not apply to fraudulent securities transactions that occurred outside the state of Florida.

It is an accurate statement of Florida law that Chapter 517 of the Florida Code does not apply to allegedly fraudulent securities transactions that took place outside of Florida. *See Allen v. Oakbrook Securities Corp.*, 763 So.2d 1099, 1100-01 (Fla. 4th Dist. 1999). Given this precedent, the defendants argue that, because the Pledge is governed by the laws of the Province of Ontario, Canada, Section 301 cannot apply. While the Pledge may well have such a choice of law clause, that provision does not necessarily determine as a matter of law where the securities transaction took place for purposes of Section 301. LaDuca has alleged in his complaint that the allegedly fraudulent securities transaction exemplified by the Pledge actually took place in Florida. He has stated that the Pledge was signed in Florida, it was foreclosed in Florida, and that the stock certificate that was the subject of the Pledge was located in Florida. (Complt. at ¶¶ 22, 26, 29). Because we are required to accept these allegations as true for purposes of a motion to dismiss, we find that the allegedly fraudulent Pledge transaction did take place in Florida. Therefore, the motion to dismiss Count V is denied.

### 5. Aiding and Abetting a Rule10b-5 Violation

In Count VIII of the complaint, LaDuca alleges that Pozios and Goldstein both actively participated in the alleged securities fraud and aided and abetted Swirsky in his alleged attempt to swindle EAI shareholders. The defendants argue that the aiding and abetting allegations must be dismissed because the Supreme Court has ruled that "the text of the 1934 Act does not itself reach those who aid and abet a § 10(b) violation." *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 177, 114 S.Ct. 1439 (1994). LaDuca responds to this argument by stating that he did not intend to allege that any of the defendants were engaged in aiding and abetting a violation of Section 10(b) or Rule 10b-5 (despite partially labeling Count VIII "Aiding and Abetting"). Therefore, since the parties seem to be in agreement on this point, to the extent that Count VIII does in fact allege aiding and abetting liability, those portions of the complaint are dismissed.

### 6. Conspiracy to Defraud Allegation

Finally, in Count IX of the complaint, LaDuca alleges that Pozios and Goldstein should be made liable to the EAI shareholders because they "engaged in a common scheme, plan and/or course of conduct with and conspired with Swirsky in furtherance of the fraud." (Complt. at ¶ 121.) The defendants argue this count should be dismissed for the same reasons that the aiding and abetting allegations in Count VIII were dismissed (i.e. that they violate the Supreme Court's ruling in *Central Bank*). We agree.

It is a widely held belief among the different courts in this country that the Supreme Court's decision in *Central Bank* not only eliminated a private cause of action for aiding and abetting a violation of the securities laws but it also rejected the continued viability of a

11

conspiracy to defraud cause of action under Section 10(b) and Rule 10b-5. *See, e.g., Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin*, 135 F.3d 837, 841-42 (2d Cir. 1998); *In re GlenFed, Inc., Sec. Litig.*, 60 F.3d 591, 592 (9th Cir. 1995); *Krieger v. Gast*, 1998 WL 677161, at *9 (N.D. Ill. Sep. 22, 1998); *Kidder Peabody & Co. v. Unigestion Int'l, Ltd.*, 903 F. Supp. 479, 496-98 (S.D.N.Y. 1995); *In re MTC Elec. Techs. Shareholders Litig.*, 898 F. Supp. 974, 982 (E.D.N.Y. 1995); *In re College Bound Consol. Litig.*, 1995 WL 450486, at *8 (S.D.N.Y. July 31, 1995); *Van De Velde v. Coopers & Lybrand*, 899 F. Supp. 731, 738 (D. Mass. 1995); *Upton v. McKerrow*, 887 F. Supp. 1573, 1580 (N.D. Ga. 1995); *In re Medimmune, Inc. Sec. Litig.*, 873 F. Supp. 953, 964 n. 8 (D. Md. 1995); *Otto v. Variable Annuity Life Ins. Co.*, 1995 WL 121519, at *1 (N.D. Ill. Mar. 17, 1995). The reasoning behind these rulings is that "there is no mention of conspiracy in the text of § 10(b). Just as Congress clearly knew how to impose aiding and abetting liability when it chose to do so, thereby suggesting that its absence from § 10(b) should not be disregarded, the existence of statutes expressly providing for conspiracy liability . . . warrants the same conclusion here." *Dinsmore*, 135 F.3d at 842. We agree with this reasoning and join with the courts that have concluded that Section 10(b) does not create a private cause of action for conspiracy to defraud. Therefore, Count IX is dismissed.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is granted in part and denied in part. The intent of this opinion is to put this case on the same track as the very similar *DeLeo* case. The motion for costs and for a stay is denied. Beswir and the Swirsky Foundation are dismissed for lack of personal jurisdiction. Count II is dismissed as to Pozios and Goldstein. Count IX and the aiding and abetting allegations of Count VIII are dismissed. In addition, the Rule 23.1 adequacy of representation issues raised in the motion are hereby referred to the magistrate judge for a report and recommendation.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: July 18, 2003