# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8597 | **DATE** | 9/4/2003 |
| **CASE TITLE** | LaDuca vs. Swirsky et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] REPORT AND RECOMMENDATION is hereby submitted to Judge Andersen recommending that the District Court DENY defendants' motion to disqualify the nominal plaintiff and his counsel, but recommend that LaDuca be required to publically state his disaffiliation from attorney Golden. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995). All matters relating to the referral of this case having been resolved, the referral is closed and the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 0 5 2003 | |
| | Notified counsel by telephone. | | date docketed | 40 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | C.J. | |
| | Mail AO 450 form. | 03 SEP -4 AM 11:35 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 1-03 | 9/4/2003 date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| THOMAS LaDUCA, as Representative of the Shareholders of EASY ACCESS INTERNATIONAL, INC., )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BENJAMIN SWIRSKY, BESWIR )<br>PROPERTIES, INC., THE JOEL SWIRSKY )<br>FOUNDATION, ANTHONY GOLDSTEIN )<br>JOHN POZIOS and EASY ACCESS )<br>INTERNATIONAL, INC., )<br>)<br>Defendants. ) | No. 02 C 8597<br><br>Judge Wayne R. Andersen<br><br>Mag. Michael T. Mason |

## REPORT & RECOMMENDATION

Michael T. Mason, United States Magistrate Judge:

On July 18, 2003, the District Court granted in part and denied in part a motion to dismiss the complaint in a derivative lawsuit filed by plaintiff Thomas LaDuca, as representative of the shareholders of Easy Access International, Inc. ("EAI").[1] In its opinion, the Court withheld decision on one issue – whether to disqualify plaintiff and his counsel as the representatives of the derivative lawsuit because they do not meet the requirements of Fed.R.Civ.P. 23.1. Instead, the District Court referred the matter to us for a report and recommendation. For the following reasons, we recommend the District Court DENY the defendants' motion, but require plaintiff LaDuca to affirm that he is not receiving any legal services or advice regarding this case from attorney Bruce Golden, who has

---

[1] See LaDuca v. Swirsky, 02 C 8597, -- WL --, (N.D.Ill., July 18, 2003).



been disqualified from representing any nominal plaintiffs in this or any related matter.

**Background**

On October 22, 2001, plaintiff Thomas LaDuca brought a derivative action on behalf of the shareholders of Easy Access International, Inc. ("EAI") against defendants Benjamin Swirsky, Beswir Properties Inc. ("Beswir"), the Joel Swirsky Foundation (the "Foundation"), Anthony Goldstein, John Pozios and EAI. The suit was initially filed in the United States District Court for the Southern District of Florida. In the complaint, LaDuca alleges that defendants Swirsky (EAI's chairman), Goldstein (Swirsky's son-in-law) and Pozios (Swirsky and Goldstein's attorney) pledged EAI's common stock of Zconnexx, EAI's wholly-owned subsidiary, to Beswir without consideration. LaDuca alleges that the transfer was executed through a sham pledge agreement.

The derivative claims in the instant lawsuit are similar to derivative claims in the action *DeLeo v. Swirsky*, which was filed before Judge Anderson in the Northern District of Illinois in 2000. Like the instant suit, *DeLeo* involved an allegedly fraudulent transaction of securities between EAI and Swirsky and Beswir Properties, Inc.[2] In *DeLeo*, plaintiff Neal DeLeo alleged that EAI pledged all of its shares of Zconnexx to Beswir without consideration. DeLeo asserted that as the result of this transaction, EAI lost ownership of Zconnexx and Swirsky

---

[2] *See* 00 C 6917, 2002 WL 1447855 (N.D.Ill. July 2, 2002). Our description of the *DeLeo* case comes from Judge Anderson's opinion deciding the motion to dismiss and Judge Ashman's report and recommendation regarding the motion to disqualify, 00 C 6917, 2002 WL 989529 (N.D.Ill. May 14, 2002).

2

violated the law when he intentionally concealed the transaction from EAI's shareholders. EAI was involuntarily dissolved on September 22, 2000.

The *DeLeo* case was not resolved on the merits. In 2002, Swirsky brought a motion to disqualify DeLeo and his attorney (Bruce Golden) from representing the interests of EAI's shareholders because DeLeo and Golden did not satisfy the Fed.R.Civ.P. 23.1 requirement of fair and adequate representation. Specifically, Swirsky asserted that DeLeo was a party to another lawsuit filed in New York where he was also represented by Golden. In the New York litigation, DeLeo contended that Zconnexx stole the domain name <www.yellowpage.net> from Yellow Pages Network, Inc, a corporation half-owned by DeLeo. In the Illinois suit, DeLeo's position was that <www.yellowpage.net> was a part of the Zconnexx's business foundation. Swirsky asserted that DeLeo's positions in the two lawsuits created irreconcilable conflict of interest. Having considered the circumstances of the case, Magistrate Judge Ashman held that unfair and inadequate representation did not cause an injury to Swirsky as a defendant director and therefore Swirsky lacked the standing to bring the motion to disqualify. Nevertheless, DeLeo and Golden were disqualified on the court's own motion.

Recognizing the similarities between the DeLeo matter and the LaDuca case, Florida District Judge Ryskamp – to whom the instant matter was first assigned – granted defendants' motion to transfer the suit from the District Court for the South District of Florida to the District Court for the Northern District of Illinois in November, 2002.

3

On February 23, 2003, defendants Swirsky, Beswir, the Foundation, Goldstein and Pozios brought the abovementioned motion to dismiss before the District Court. In the motion, the defendants allege that the current plaintiff and his attorney (David Axelrod) are tainted by their association with the disqualified *DeLeo* counsel. Specifically, the defendants contend that Golden has been significantly involved in this case, including working on case-related matters with Axelrod; the defendants also allege that Golden may have some sort of fee sharing agreement with Axelrod regarding the instant matter.

The defendants base their allegation on the following facts: (1) the three versions of the complaint in this case are very similar to the complaints filed in the *DeLeo v. Swirsky* case; (2) most of the allegations in the complaints, demand letter, and unanimous written consent in this case are the same as contained in the *DeLeo v. Swirsky* case; (3) the formatting of other papers filed with the Florida court is identical to the formatting used by Golden in the *DeLeo v. Swirsky* case; (4) Axelrod's refusal to deny Golden's involvement; and (5) a demand letter from plaintiff LaDuca and his brother, Phillip LaDuca (who was a plaintiff in the *DeLeo* suit) stating that Golden is LaDuca's attorney. Plaintiff has so far refused to take the steps requested by the defendants to prove the non-involvement of Golden, which include declaring that Golden is not a decision maker in the case and has no financial involvement in the case, having Golden cease any representation of Thomas LaDuca, and insuring that Golden does nothing to prosecute the case. In their motion, the defendants demand that this Court either order discovery into the adequacy of the representation or take steps

to ensure that LaDuca and his counsel are independent of the former disqualified counsel. If such actions are not feasible, the defendants request this Court to dismiss the action.

**Analysis**

Shareholders' derivative actions are governed by Federal Rule of Civil Procedure 23.1. *Brown v. Ferro Corp.*, 763 F.2d 798 (6th Cir. 1985). In pertinent part, Rule 23.1 provides that the "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation." Fed. R. Civ. P. 23.1. It is well settled that the fairness and adequacy requirement of Rule 23.1 means that the named plaintiff must not have antagonistic interests that would likely cause him to conduct the derivative suit in a manner inconsistent with the interests of the shareholders.

Generally, the following factors may be considered to determine if a particular plaintiff does not fairly and adequately represent the interests of other similarly situated shareholders: (1) indications that the plaintiff is not a true party in interest; (2) the plaintiff's unfamiliarity with the litigation and unwillingness to learn about the suit; (3) the degree of control exercised by attorneys over the litigation; (4) the degree of support received by the plaintiff from other shareholders; and (5) the lack of any personal commitment to the action on the part of the representative plaintiff. *Rothenberg v. Security Management Co. Inc.*, 667 F.2d. 958 (11th Cir. 1982).

As an initial matter, the defendants' motion to dismiss should be denied because they lack standing. To bring a motion before a court, the moving party must establish an "injury in fact resulting from the action which the [he] seek[s] to have the court adjudicate." *DeLeo v. Swirsky*, 00 C 6917, 2002 WL 989526 (N.D.Ill., May 14, 2002), *quoting Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 473 (1982). An injury in fact generally must be sustained by the moving party himself. *Warth v. Seldin*, 422 U.S. 490, 499. In *DeLeo*, Judge Ashman explained that a defendant corporation has standing to challenge the adequacy of the named plaintiff and his attorney in a derivative suit. *Id.* at 14. Further, the Court clarified that the corporation is the true plaintiff, positioned as a nominal defendant, and therefore the corporation, not a director defendant, has the benefit of fair and adequate representation. *Id.* The Court concluded that the interests that serve as the basis for allowing the defendant corporation to challenge the fairness and adequacy of the representation do not provide a basis for allowing an individual defendant to make the same challenge. *Id.* In this case, EAI has declined to join the motion to disqualify, and thus we find for the same reasons stated in Judge Ashman's opinion, the individual defendants here lack standing to bring this motion.

However, Judge Ashman also noted that if evidence calls into question the ability of the self-appointed named plaintiff to faithfully carry out his fiduciary role and champion the interests of absent shareholders, Rule 23.1 imposes on the court the requirement to act. In *DeLeo*, this duty caused the Court to *sua sponte*

disqualify DeLeo and his attorney. In this case, we will address the adequacy of Axelrod in order to put the issue to rest.

At this time, the evidence before us does not suggest that the named plaintiff does not fairly and adequately represent the interests of shareholders. The defendants have made no assertions about the named plaintiff's knowledge of the facts supporting his claim, his commitment to the prosecution of this lawsuit, or the competence of his counsel to assist in the litigation. They have also not alleged that the plaintiff has a personal conflict of interest or entanglements making it likely that the interests of other stockholders will be disregarded. See *Sonkin v. Barker*, 670 F. Supp. 249, 251 (S.D. Ind. 1987).

Instead, the defendants' only contention is that plaintiff's current counsel may not be working independently from Golden, the disqualified *DeLeo* counsel, and that Golden continues to be involved in this case. They argue that Axelrod should aver his independence from Golden in order to satisfy Rule 23.1's requirements or that we should undertake discovery into the question of independence. Judge Ashman "reluctantly" disqualified Golden from representing the nominal plaintiffs in the *DeLeo* suit as long as he represented DeLeo in a New York lawsuit whose interests were antagonistic to those of the shareholders of EAI. Even after Golden withdrew his representation of DeLeo in the New York suit, Judge Ashman upheld the disqualification because Golden also represented DeLeo in his individual capacity in the Illinois suit, and DeLeo's interests were still at odds with those of the other shareholders.

Because of the relatedness of this matter and the derivative claims in
*DeLeo,* Golden's disqualification has the force of law to prevent Golden from
participating in the prosecution of the instant case as long as he continues to
represent DeLeo in his individual capacity; if defendants believe that Golden is
not adhering to the Court's order, they are free to bring a motion against him.
Axelrod is already similarly prohibited from working with Golden by the force of
Judge Ashman's order; one can analogize to a situation where a law firm is
required to build a "firewall" to prevent a particular disqualified attorney from
participating in the prosecution or defense of a case because of conflict issues.

At this point, we do not believe that the defendants' general speculations
about the similarities between the filings in this case and the *DeLeo* matter
require us to investigate whether Golden is in fact maintaining his separation
from the instant suit. There is simply not enough evidence to raise any suspicion
that LaDuca is not able to adequately represent the plaintiff shareholders. This is
particularly so because there is no allegation that LaDuca has any interests
antagonistic to the rest of EAI's shareholders. However, one issue needs to be
addressed. One of the LaDuca demand letters does state that Golden is
LaDuca's attorney. As Judge Ashman has already determined that Golden
cannot continue to represent any of the nominal plaintiffs in this case because of
his current representation of DeLeo, LaDuca should formally inform the parties
and the Court that Golden is not representing him for any matter in any way
related to this case.

8

For the reasons stated above, we recommend that the District Court DENY defendants' motion to disqualify the nominal plaintiff and his counsel, but recommend that LaDuca be required to publicly state his disaffiliation from attorney Golden. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: September 4, 2003